**IT IS ORDERED as set forth below:**



**Date: February 28, 2019**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>KARLEY ANN NGUYEN<br>AKA KARLEY KIMMEL NGUYEN,<br><br>    Debtor. | CHAPTER 13<br><br>CASE NO. 18-60165-JRS |
| MIDFIRST BANK,<br>ITS SUCCESSORS AND/OR ASSIGNS,<br><br>    Movant,<br><br>vs.<br><br>KARLEY ANN NGUYEN<br>AKA KARLEY KIMMEL NGUYEN, Debtor,<br>and CANH X. NGUYEN, Co-Debtor,<br>and NANCY J. WHALEY, Trustee,<br><br>    Respondents. | CONTESTED MATTER<br><br><br><br>JUDGE: JAMES R. SACCA |

**ORDER INCORPORATING STIPULATION ON MOTION FOR RELIEF
FROM STAY AND ORDER ON CODEBTOR STAY**

Movant has filed a Motion for Relief from Stay [Dkt. 37] with regard to the property

commonly known as 4435 Settles Bridge Road, Suwanee, GA 30024. After notice and opportunity to be heard, it is hereby

ORDERED that the attached Stipulation between the parties is made the Order of the Court. It is further

ORDERED that the codebtor stay of 11 U.S.C. § 1301 *is terminated.*

End of Document

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>KARLEY ANN NGUYEN<br>AKA KARLEY KIMMEL NGUYEN,<br><br>　　　　Debtor. | CHAPTER 13<br><br>CASE NO. 18-60165-JRS |
| MIDFIRST BANK,<br>ITS SUCCESSORS AND/OR ASSIGNS,<br><br>　　　　Movant,<br><br>vs.<br><br>KARLEY ANN NGUYEN<br>AKA KARLEY KIMMEL NGUYEN, Debtor,<br>and NANCY J. WHALEY, Trustee,<br><br>　　　　Respondents. | CONTESTED MATTER<br><br><br>JUDGE: JAMES R. SACCA |

**STIPULATION ON MOTION FOR RELIEF FROM STAY
(AND FROM CODEBTOR STAY, IF APPLICABLE), AND MOTION TO MAKE
STIPULATION AN ORDER OF THE COURT**

　　A Motion for Relief from Stay with regard to the Property commonly known as 4435 Settles Bridge Road, Suwanee, GA 30024 was scheduled for hearing on February 12, 2019. The parties hereby stipulate that the motion is settled as follows:

　　1. The total post-petition arrearage due to Movant is $__16,555.24__, which consists of the July, 2018, through the February, 2019, payments of $1,900.03 each, late charges of $304.00, property inspections of $20.00, and attorney's fees and costs of $1,031.00 incurred in this matter.

　　2. The arrearage shall be paid as follows:

　　　　√　　Debtor shall pay $____13,341.98____ on or before February 19, 2019.

　　　　　　Movant acknowledges receipt of $_____.

　　　　☐　　Debtor is entitled to a credit of $_____ for funds in his/her suspense account.

√        Debtor shall resume timely post-petition payments to Movant with the payment due _____March 1, 2019._____.

√        The remaining balance of $__3,213.26___ shall be paid by Debtor to Movant, 999 N.W. Grand Avenue, Oklahoma City, OK 73118 or to such address as may be designated as follows: Beginning __March 15, 2019__, Debtor shall pay an additional $___357.03__ per month, and shall continue to pay said amount on the same day of each subsequent month, for a total of _eight_ months, with a final payment of $___357.02__ on the same day of the ___ninth__ month.

☐        Movant shall be authorized to file a supplemental or amended proof of claim, as appropriate, to have the sum of $_____ paid by the Trustee.  This claim shall be paid in accordance with the plan.  If the plan does not provide for this claim, then the claim shall be paid after all secured claims receiving a set payment are paid in full.

3.   THE PARTIES AGREE TO THE FOLLOWING STRICT COMPLIANCE PROVISIONS:

☐        Should Debtor(s) default in payment of any sums specified or in any regular monthly mortgage payments which come due to Movant for the strict compliance period specified in Paragraph 4, then upon notice of default sent by first class mail to Debtor(s) and Debtor(s)'s attorney at such addresses as appear on file with the Court and failure of Debtor(s) to cure such default within 10 days from date of receipt of such notice, Movant may file a motion and Affidavit of default, with service upon Debtor(s) and Debtor(s)'s attorney and the Trustee, and the Court may enter an order lifting the automatic stay, without further notice or hearing.

√        There appears to be equity in the property. Therefore, should Debtor default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due to Movant  during the strict compliance period specified in Paragraph 4, then upon notice of default sent by first class mail to Debtor, Debtor's attorney and the Trustee at such addresses as appear on file with the Court and failure of Debtor to cure such default within 10 days from the date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon Debtor, Debtor's attorney and the Trustee. If no motion to convert case, motion to sell, response disputing the factual allegations of the motion, or response alleging some extraordinary circumstances comparable to those contemplated by Fed. R. Civ. P. 60(b), is filed within 20 days from the date of service of the motion and affidavit of default, then the Court may enter an Order lifting the automatic stay, without further notice or hearing.

    4. Strict compliance hereunder shall be in force:

        ☐    While the arrearage remains uncured.

        √    For a period of  _nine_  months from the date of entry of an Order incorporating this Stipulation.

        ☐    While this case remains pending.

    5. In the event relief from stay is granted: 1) any surplus funds realized from foreclosure otherwise payable to the Debtor(s) shall be paid to the Trustee for the benefit of the Estate; 2) the Trustee shall cease funding the balance of Movant's pre-petition arrearage claim and Movant's amended or supplemental claims, if any; and 3) the 14-day period of Bankruptcy Rule 4001(a)(3) is waived.

    6. Other:

_____
_____

    7.    √    The parties stipulate that the codebtor(s) did not appear.

        ☐    The Motion does not seek relief from the codebtor stay.

        ☐    The codebtor stay shall remain in effect.

    By their signatures below, the parties consent to the terms of this Stipulation and move the Court to enter an Order making this Stipulation an Order of the Court.

Dated: _____ February 8, 2019 _____

Order presented by:

    _/s/ J. Kelsey Grodzicki_

J. KELSEY GRODZICKI
Attorney for Movant
5565 Glenridge Connector, Suite 350
Atlanta, GA  30342
 (770)392-0041
Georgia State Bar No. 134259
kgrodzicki@campbellandbrannon.com

*Signatures continued on next page*

Consented to by:

/s/
_____
HOWARD P. SLOMKA by J. Kelsey Grodzicki with express permission
Attorney for Debtor(s)
Georgia State Bar No.__652875__
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA  30339

No Opposition by:

/s/
_____
Maria Joyner by J. Kelsey Grodzicki with express permission
Attorney for Chapter 13 Trustee
Suntrust Plaza Garden Offices
303 Peachtree Center Avenue, Suite 120
Atlanta, GA  30303
Georgia State Bar No.___118350_____

Notice sent to:

Karley Ann Nguyen aka Karley Kimmel Nguyen
4435 Settles Bridge Rd
Suwanee, GA  30024

Canh X. Nguyen
4435 Settles Bridge Road
Suwanee, GA  30024

Howard P. Slomka
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA  30339

NANCY J. WHALEY
Chapter 13 Trustee
Suntrust Plaza Garden Offices
303 Peachtree Center Avenue
Suite 120
Atlanta, GA  30303

Campbell & Brannon, LLC
5565 Glenridge Connector, Suite 350
Atlanta, GA  30342